NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NORMA EISENMANN,

   Plaintiff-Appellant,

 v.

J. COX; et al.,

   Defendants-Appellees.

No. 24-6237

D.C. No.
2:22-cv-00541-SPL-MTM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Argued and Submitted January 6, 2026
Phoenix, Arizona

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

This case arises from a SWAT team's allegedly overzealous efforts to apprehend a fugitive in the backseat of his grandmother's vehicle. The grandmother, Plaintiff-Appellant Norma Eisenmann, initiated this action after the encounter, asserting various claims against the officers involved. The district court dismissed most of her claims at the pleading stage, then disposed of the remainder on summary

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

judgment. Now on appeal, Plaintiff challenges the court's grant of summary judgment to three defendants on her claims for false arrest and excessive force. With jurisdiction under 28 U.S.C. § 1291, we affirm in part, reverse in part, and remand for additional proceedings.

The parties are familiar with the facts, so we do not recount them here except when necessary for context. We review a grant of summary judgment de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). At this posture, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Id.* If a reasonable jury might resolve a material fact dispute in the non-movant's favor, "summary judgment must be denied." *Id.*

1. The district court erred in granting Det. Engwis summary judgment on Plaintiff's false-arrest claim. It held that, as a matter of law, Det. Engwis did not arrest Plaintiff and that, in any event, he had probable cause to do so. On both rationales, we disagree. An "arrest" occurs when an officer's conduct "would cause a reasonable person to feel that . . . she will not be free to leave after brief questioning" but rather "that indefinite custodial detention is inevitable." *United States v. Guzman-Padilla*, 573 F.3d 865, 884 (9th Cir. 2009). Conduct that can turn a detention into an arrest includes handcuffing, drawing weapons, or physically restricting a suspect's liberty. *Washington v. Lambert*, 98 F.3d 1181, 1187–89 (9th Cir. 1996). We analyze the issue "from the perspective of the person seized." *United*

*States v. Delgadillo-Velasquez*, 856 F.2d 1292, 1295 (9th Cir. 1988). This inquiry is "highly fact-specific" and turns on the "totality of the circumstances." *Green v. City & County of San Francisco*, 751 F.3d 1039, 1047 (9th Cir. 2014).

Plaintiff offered evidence that Det. Engwis removed her from her vehicle at gunpoint, handcuffed her, and detained her on a curb for 30 minutes, while officers stated that she was "going to jail for trying to flee the scene." Viewed from Plaintiff's perspective, these facts support the inference that Plaintiff reasonably believed that an "indefinite custodial detention," rather than brief questioning, was "inevitable." *Guzman-Padilla*, 573 F.3d at 884; *see also Lambert*, 98 F.3d at 1188–92.

A reasonable jury could also find that Det. Engwis lacked probable cause to arrest Plaintiff for "unlawful flight." To prevail on a claim for false arrest, a plaintiff must show "there was no probable cause to arrest [her]." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam). Probable cause exists when a "prudent" officer would perceive "a fair probability" that the suspect has committed a crime. *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991). This inquiry is also factually intensive, so we generally reserve it for the jury. *Johnson v. Barr*, 79 F.4th 996, 1003 (9th Cir. 2023). Summary judgment is only appropriate when "no reasonable jury could find an absence of probable cause under the facts." *Id.*

24-6237

This is not a clear-cut case justifying summary resolution. On this record, the crime of unlawful flight required a showing that Plaintiff willfully attempted to elude law enforcement, and that she knew that a vehicle pursuing her contained law enforcement. A.R.S. § 28-622.01. Det. Engwis insists that Plaintiff indeed "knew" that law enforcement was approaching her, supplying the requisite probable cause, based on the facts that a fugitive (Skyler Michaelsen) who knew law enforcement was looking for him sat in the backseat of Plaintiff's truck, which made a U-turn mid-block.

We are not convinced. The officers' vehicles were unmarked and Plaintiff disputes that the officers announced their presence before ramming her truck. A reasonable officer in Det. Engwis's shoes would also have considered the undisputed facts that the driver, Plaintiff, was Michaelsen's elderly grandmother with no criminal history; that traffic was stopped on the road ahead of her; and that her U-turn was safe and lawful. A rational jury could find that the sum of these facts fail to support either element of § 28-622.01.

In holding otherwise, the district court improperly credited Sgt. Brooks's statement that Plaintiff made the U-turn after he activated his vehicle's emergency lights. If true, this fact would indeed support probable cause; yet Plaintiff repeatedly disputed it and testified that she had no "indication" that officers were "trying to stop [her] vehicle" until Sgt. Brooks crashed his truck into hers. By taking Sgt. Brooks's

24-6237

version of the facts for granted, the district court contravened the bedrock principle that, at summary judgment, all "evidence" and "justifiable inferences" must be drawn in the light most favorable to the non-movant. *Blankenhorn*, 485 F.3d at 470.[1]

2.      As for Plaintiff's claims of excessive force, the district court erred in granting Sgt. Brooks summary judgment but otherwise correctly disposed of the claims. We analyze excessive-force claims under the Fourth Amendment "from the perspective of a reasonable officer," balancing the force applied against the governmental interests at stake. *Graham v. Connor*, 490 U.S. 386, 395–96 (1989). Force is measured by "the type and amount of force inflicted," *Deorle v. Rutherford*, 272 F.3d 1272, 1279 (9th Cir. 2001), as well as any injury sustained, *Felarca v. Birgeneau*, 891 F.3d 809, 817 (9th Cir. 2018). An officer's interest in applying force turns on the severity of the crime at issue, any threat to officer or third-party safety, and whether the suspect is resisting arrest. *Graham*, 490 U.S. at 396. We also consider the availability of less intrusive alternatives to the force employed. *S.B. v. County of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017).

The district court characterized the force that Sgt. Brooks applied—crashing his unmarked truck into Plaintiff's—as "minimal" or "moderate" force. We think the latter descriptor is more accurate. The "type" of force at issue is important here:

---

[1] Because we reverse the grant of summary judgment to Det. Engwis on Plaintiff's false-arrest claim, we need not consider her alternative argument that we should remand so she can re-name Det. James Cox as a defendant.

Sgt. Brooks "rammed" his truck into the driver's side of Plaintiff's moving vehicle. Though the record does not disclose the speed at which the parties were traveling, it is common knowledge that crashing one's vehicle into a moving car can inflict "serious injury or death." *Scott v. Harris*, 550 U.S. 372, 384 (2007). That all three vehicles involved sustained damage speaks to the destructive nature of Sgt. Brooks's maneuver. However, mitigating factors undermine Plaintiff's contention that he applied "significant" force. Plaintiff suffered no physical injuries; and while her pregnant passenger, Nancy Tran, was briefly hospitalized with abdominal pain, she was released soon after in a stable condition. *See Felarca*, 891 F.3d 817.

On the other end of the scale, the undisputed facts reflect that Sgt. Brooks had, at most, a minimal interest in using force. To be sure, officers had good reason to apply force against Michaelsen, who had committed serious crimes and proven himself dangerous and intent on evading apprehension. Yet Sgt. Brooks knew that Plaintiff—not Michaelsen—was driving, and that Plaintiff was his 68-year-old grandmother with no criminal record. Viewing the facts in Plaintiff's favor, a reasonable jury could find that Plaintiff posed no "immediate threat" to anyone's safety, nor that she sought to evade arrest. *Graham*, 490 U.S. at 396. Alternatives to applying force were also available to Sgt. Brooks. *S.B.*, 864 F.3d at 1013. Accepting Plaintiff's version of the facts, Sgt. Brooks had strong reason to activate his emergency lights and attempt to pull her over before ramming her vehicle. That

he did not severely diminishes his interest in using force. *See id.*

Weighing the moderate amount of force applied against Sgt. Brooks's minimal interest in ramming Plaintiff's vehicle before attempting to initiate a traffic stop, a reasonable jury could find that Sgt. Brooks used excessive force. We therefore reverse the district court's opposite conclusion, which again erroneously assumed that Sgt. Brooks activated his emergency lights before Plaintiff's U-turn.

However, we affirm the grant of summary judgment on Plaintiff's excessive-force claim against Det. Bennett. The force he applied was minimal. In shattering Plaintiff's rear window, he caused no physical injuries and inflicted less than $200 in property damage. He had an adequate interest in applying such minimal force, as the uncontroverted record reveals that the window was tinted, that officers reasonably presumed Michaelsen dangerous, and that Det. Bennett broke the rear window nearest Michaelsen.

Because the district court concluded that Plaintiff did not plead any excessive-force claim against Det. Engwis and because Plaintiff did not challenge that conclusion on appeal until her reply brief, the issue is forfeited. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).[2]

---

[2] Regardless, we agree with the district court that Plaintiff failed to plead an excessive-force claim against Det. Engwis, even liberally construing her complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). She pleads numerous allegations against twelve "Defendant(s)" lumped together before asserting two claims that plausibly allege excessive force, neither of which references Det. Engwis or

3.　　As an alternative basis for affirmance, Det. Engwis and Sgt. Brooks urge us to hold that both are entitled to qualified immunity on the surviving claims. In view of the "general rule" against resolving "issue[s] not passed upon below," *Singleton v. Wulff*, 428 U.S. 106, 120 (1976), we decline the invitation. Instead, we remand for the district court to address their assertions of qualified immunity in the first instance. *See, e.g.*, *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010).

All told, we **AFFIRM** in part, **REVERSE** in part, and **REMAND**.[3]

---

firearms. Indeed, the complaint only mentions officers "approaching her with guns drawn" once, describing it as part of her damages. While we appreciate that Plaintiff was likely unaware of the identity of the officer who detained her at gunpoint when she filed her complaint, she learned this information in discovery. Yet she never sought leave to assert an excessive-force claim against Det. Engwis (despite seeking leave to add Det. Cox as a defendant).

[3] The parties shall bear their own costs on appeal.